UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NANCY ANDERSON; JOY MANGUNO; JAYME SONGY AS CURATOR FOR MALVINA SONGY; AND JANICE VERDIN, AS REPRESENTATIVE OF CATHERINE ROUSSELL, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED | * * * * * * * * * | CIVIL ACTION NO: <br><br> JUDGE: <br><br> MAG. JUDGE: |
| VERSUS | * * | |
| BOB DEAN, JR.; UPTOWN HEALTHCARE CENTER, L.L.C.; PARK PLACE HEALTHCARE, L.L.C.; RACELAND MANOR NURSING HOME, INC.; MAISON DE'VILLE NURSING HOME, INC.; RIVER PALMS NURSING & REHAB, L.L.C.; MAISON DE'VILLE NURSING HOME OF HARVEY, L.L.C.; ST. ELIZABETH'S CARING, L.L.C.; AND BOB DEAN ENTERPRISES, INC. | * * * * * * * * * * * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>NOTICE OF REMOVAL</u>

**NOW INTO COURT**, through undersigned counsel, come Defendants, Bob Dean, Jr., Uptown Healthcare Center, LLC, Park Place Healthcare, LLC, Raceland Manor Nursing Home Inc, Maison De'ville Nursing Home, Inc., River Palms Nursing & Rehab, LLC, Maison De'ville Nursing Home of Harvey, LLC, St. Elizabeth's Caring, LLC, Bob Dean Enterprises, Inc., Louisiana Health Care Consultants, LLC and DHNG, LLC, who file this Notice of Removal to remove Plaintiffs' class action from the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, to this Court, on the following grounds:

## *THE REMOVED CASE*

1.

On September 6, 2021, Plaintiffs, through their attorneys, filed a *Petition for Class Action, Injunctive Relief, and Damages* entitled "*Nancy Anderson; Joy Manguno; Jayme Songy, as Curator for Malvina Songy; and Janice Verdin, as representative of Catherine Roussell, individually and on behalf of others similarly situated v. Bob Dean, Jr.; Uptown Healthcare Center, LLC.; Park Place Healthcare, LLC; Raceland Manor Nursing Home, Inc.; Maison De'ville Nursing Home, Inc.; River Palms Nursing & Rehab, LLC ; Maison De'ville Nursing Home of Harvey, LLC.; St. Elizabeth's Caring, LLC.; and Bob Dean Enterprises, Inc.*," bearing Docket Number 820-839, Division "H," (the "Petition"), in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

2.

On September 16, 2021, Plaintiffs filed a *First Supplemental and Amended Petition for Class Action, Injunctive Relief, and Damages* in the same case, adding a new putative class representative, Henry Williams, and adding defendants Louisiana Health Care Consultants, LLC, DHNG, LLC and fictitious defendants XYZ Insurance Companies.

3.

On September 17, 2021, all Defendants except Defendant Dean were served with Plaintiffs' original and First Supplemental and Amended *Petition for Class Action, Injunctive Relief, and Damages* by personal service.

4.

Attached hereto as <u>Exhibit A</u> is Plaintiffs' original *Petition for Class Action, Injunctive Relief, and Damages,* and attached hereto as <u>Exhibit B</u> is the First Supplemental and Amended *Petition for Class Action, Injunctive Relief, and Damages*. A certified copy of all pleadings in the court records at the 24th Judicial District Court has been requested and will be supplied upon receipt.

5.

In their state court *Petition for Class Action, Injunctive Relief, and Damages,* Plaintiffs seek injunctive relief and damages on behalf of residents of nursing homes evacuated in the wake of Hurricane Ida. Plaintiffs allege that the "actions and negligence" of the named Defendants "in connection with the evacuation of residents to a warehouse in Independence, Louisiana, where they endured horrific and inhumane conditions," led to their damages.

6.

Defendants deny the allegations of Plaintiffs and assert that the evacuation shelter was adequate for the number of residents involved and was approved by the Louisiana Department of Health & Hospitals in advance of Hurricane Ida. Any inconvenience, discomfort, water intrusion, loss of electricity or other related issues were caused by the effects of the Category 4 hurricane. Nevertheless, at all times, Defendants submit that staff on site took swift action to move residents out of affected areas and into dry buildings. Defendants submit that claims of plaintiffs were caused by an act of God, not the negligence of Defendants or their employees.

7.

Defendants have taken no action in the 24th Judicial District Court prior to this removal filing apart from a general appearance at a September 20, 2021, hearing on Plaintiffs' Motion for a Temporary Restraining Order. The mere acts of appearing in court or resisting a temporary

restraining order do not waive Defendants' right to remove this matter to federal court. *See Biggers v. State Farm Mut. Auto. Ins. Co.*, No. CIV. A. 92-2004, 1992 WL 266166, at *2 (E.D. La. Sept. 29, 1992).

## BASIS OF JURISDICTION AND REMOVAL

8.

Pursuant to 28 U.S.C. § 1332(d)(2), "[t]he district courts shall have original jurisdiction of any civil actions in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of Plaintiffs is a citizen of a State different from any defendant …."

### *PLAINTIFFS' ALLEGED DAMAGES EXCEED THE JURISDICTIONAL THRESHOLD UNDER CAFA*

9.

To determine whether the amount in controversy exceeds $5,000,000, "the claims of the individual class members *shall be aggregated*…." §1332(d)(6).

10.

A removing defendant is required to establish the amount in controversy only by a preponderance of the evidence, which turns on whether a fact finder **might** legally conclude that the damages exceed the threshold, not whether the damages **are** greater than the requisite amount. *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 912 (10th Cir. 2016); *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014). A defendant seeking to satisfy the preponderance standard to sustain removal may follow either of two tracks: (1) Adduce summary judgment evidence of the amount in controversy, or (2) demonstrate that, from the class plaintiffs' pleadings alone, it is "*facially apparent*" that CAFA's amount in controversy is met. *Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 862 (5th Cir. 2010). Additionally, to properly satisfy the removal requirement, a defendant's notice of removal need include only a *plausible allegation* that

the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).

11.

Plaintiffs in this case seek an award of all appropriate damages on behalf of all Bob Dean, Jr. Nursing Home residents (and any legal representatives thereof) who were evacuated to the Waterbury Companies evacuation shelter in Independence, Louisiana as a result of Hurricane Ida. Ex. B, para. 55. Due to the amount of individuals, which Plaintiffs allege to be at least 843 nursing home residents (*id.* at para. 7), and the alleged damage incurred during the evacuation, the amount in controversy exceeds $5,000,000.

12.

Louisiana courts have awarded damages for mental anguish or emotional distress incurred by nursing home residents. In *Randall v. Concordia Nursing Home*, the surviving child of a nursing home resident sued the nursing home pursuant to the Nursing Home Resident's Bill of Rights for nursing neglect and malpractice. 2007-101 (La. App. 3 Cir. 8/22/07), 965 So. 2d 559, 562, *writ denied,* 2007-2153 (La. 1/7/08), 973 So. 2d 726. The petition alleged that the nursing home violated the resident's rights by failing to provide privacy in meeting personal needs, failure to allow patient to be free from mental and physical abuse, and for failure to treat the patient courteously, fairly, and with the fullest measure of dignity, and failing to allow the patient to rise and retire in accordance with her reasonable request. There was also medical testimony as to the poor and negligent condition in which the patient was left due to the nursing home's under-staffing, including the fact that the patient was found lying in dried bowel movement and urine two to three times a week. A jury awarded plaintiff $150,000 for the loss of dignity, and the Louisiana Third Circuit reduced the award to $100,000. *Id*.

13.

Plaintiff class consists of "at least" 843 nursing home residents, which means aggregated together, each resident must claim only $5931.19 in order to satisfy the $5,000,000 threshold for removal under CAFA. The petition alleges that Defendants deprived Plaintiff class of their dignity, the right to be free from mental and physical abuse, and the right to have privacy and confidentiality in caring for personal needs, among other allegations. *See* Exhibit B, para. 73. These are similar allegations to those presented in the *Randall* claim summarized above.

14.

Defendants respectfully submit that based on the sheer number of putative class members, and the previous awards in similar contexts, a fact finder might reasonably conclude that the emotional distress damages claimed by plaintiffs, when aggregated, exceed the $5,000,000 amount-in-controversy threshold. Defendants submit this argument satisfies the preponderance of evidence standard as well as the plausible allegation standard.

15.

Moreover, Plaintiffs' claims are not limited to emotional distress. They claim that the facility in Independence, La., previously housed and utilized toxic chemicals, and that Defendants did not advise the residents of that fact. *See* Exhibit B, paras. 11, 15. Plaintiffs further allege that Defendants have not advised them regarding the risk of harm from this alleged exposure, evaluations necessary to test for harmful effects, or any indication of increased risk due to potential exposures. *Id*. at para. 16. Awards in exposure and/or contamination cases can range from as little as $100 to $60,000. *See Arabie v. Citgo Petroleum Corp.,* 2010-334 (La. App. 3 Cir. 10/27/10), 49 So. 3d 985, 996, *writ denied,* 2010-2618 (La. 5/4/12), 88 So. 3d 449; *Adams v. CSX Railroads,* 2001-0114 (La. App. 4 Cir. 4/20/05), 902 So. 2d 413, 416, *writ not considered,* 2005-1316 (La.

2/3/06), 922 So. 2d 1156; *In re New Orleans Train Car Leakage Fire Litig.,* 2000-1919 (La. App. 4 Cir. 4/20/05), 903 So. 2d 9, 13, *writ denied,* 2005-1297 (La. 2/3/06), 922 So. 2d 1171.

16.

Finally, Plaintiffs include Henry Williams, the son of Katherine Williams, who allegedly passed away during the events that underlie this claim. *See* Exhibit A, para. 1(E). Wrongful death awards to adult children can range from $100,000 to $150,000. *See Lege v. Union Carbide Corp.,* 2020-0252 (La. App. 4 Cir. 4/1/21), *as clarified on reh'g,* 2020-0252 (La. App. 4 Cir. 5/12/21), *writ denied,* 2021-00775 (La. 10/1/21), and *writ denied,* 2021-00792 (La. 10/1/21) (collecting cases and awarding $100,000 to each adult child).

17.

When these chemical exposure and wrongful death claims are aggregated with the emotional distress claims, it is certainly plausible that the alleged damages could exceed $5,000,000.

## *THE MINIMAL DIVERSITY REQUIREMENT IS MET*

18.

In addition to the amount-in-controversy requirement, CAFA provides federal jurisdiction over class actions in which any member of a class of Plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2)(A). This requirement is referred to as "minimal diversity." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

19.

In this case, Plaintiffs are citizens of the state of Louisiana. *See* Exhibit B, para. 1.

20.

Defendant, Bob Dean, Jr., is a citizen of the state of Georgia. *See* <u>Exhibit C</u>, Unsworn Declaration of Bob Dean Jr. This unsworn declaration is sufficient evidence of citizenship at the

removal stage, as "a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Burns v. Mercury Ins. Group*, 2016 WL 5389742, *1 (E.D. La. 09/27/2016); *see Paddison v. Paddison*, No. CV 19-2109, 2019 WL 1616577, at *1 (E.D. La. Apr. 16, 2019) (accepting an unsworn declaration as evidence of citizenship).

21.

Therefore, the "minimal diversity" requirement for removal under 28 U.S.C. § 1332(d) is also met as at least one Plaintiff is a citizen of Louisiana and at least one Defendant is a citizen of another state. Accordingly, this Court has original jurisdiction of Plaintiffs' class action claims.

## THERE IS NO EXCEPTION TO CAFA JURISDICTION UNDER THE LOCAL CONTROVERSY EXCEPTION

22.

One exception to CAFA jurisdiction is the local controversy exception. 28 U.S.C. § 1332(d)(4)(A). The exception states that a federal court shall decline to exercise jurisdiction when (1) the Louisiana citizenship of greater than two-thirds of the putative class members, and (2) at least one defendant is a defendant <u>from whom significant relief is sought</u>, whose alleged conduct forms a significant basis for the claims asserted by the proposed class, and who is a citizen of the state in which the action was originally filed, and (3) principal injuries resulting from the alleged conduct were incurred in the state in which the action was originally filed. *Id*. Such defendants are referred to as "significant defendants." *Robertson v. Chevron USA, Inc.,* No. CV 15-874, 2016 WL 3667153, at *10 (E.D. La. July 11, 2016).

23.

Whether a class seeks significant relief against a defendant is determined by whether the relief sought against that defendant is significant relative to the relief sought against the other codefendants. *Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 368 (E.D. La. 2007) (citing *Evans v. Walter Industries, Inc.,* 449 F.3d 1159, 1167 (11th Cir.2006)). This entails a comparison of the alleged role played by the significant defendant with that played by the other defendants. *Id.* at 369. The analysis also includes an assessment of how many members of the class were harmed by the defendant's actions. *Id.* at 368. (citing *Robinson v. Cheetah Transportation,* No. 06-0005, 2006 WL 468820, *3 (W.D. La. Feb.27, 2006)).

24.

Plaintiffs' allegations make clear that there is only one significant defendant in this case – Bob Dean, Jr. Plaintiffs claim that Dean controlled and directed the activities of the evacuation, authority for supplies and staffing at the evacuation site, access to and refusal to permit access to the evacuation facility, and numerous other aspects "central to this case." *See* Exhibit B, para. 9. "**At all relevant times, one individual – Bob Dean, Jr., had the ability and authority to act, and actually acted with that ultimate authority, calling all of the shots as to the mandate that the Bob Dean, Jr., Nursing Home residents would be evacuated to the Waterbury buildings.**" *Id.* at para. 87 (emphasis added).

25.

Plaintiffs assert that the defendant companies are merely the alter ego of Defendant Dean. *Id.* at para. 93. They contend that the entities are "singlehandedly and unilaterally controlled and directed from the top by Bob Dean, Jr." *Id.* at para. 92. Plaintiffs further alleged that "Bob Dean Jr. was the ultimate decision maker regarding the staffing, supplies, provisions and

accommodations to be provided residents, and the actual decision-making and responsibility began and ended with Bob Dean, Jr." *Id*. at para. 88.

26.

Plaintiffs admit that the nursing home employees were ultimately under the control, direction and discretion of Bob Dean. *Id*. at para. 9. Plaintiffs further claim that the staff was "misled from the top" about the nature and condition of the evacuation shelter. *Id*. at para. 90.

27.

While Plaintiffs also make conclusory allegations that defendants Dean Enterprises, Inc., and Louisiana Health Care Consultants, Inc., also exercised control, direction and discretion,[1] they provide no facts whatsoever to support those contentions. To the contrary, Plaintiffs claim that Bob Dean, Jr., has thorough and complete control and dominion over those companies, and that Defendant Dean actually exerted operational and actual control over the companies.

28.

As noted above, a "significant defendant" is identified by comparing the relief sought from him to the relief sought against the other co-defendants, and assessing how many members of the class were harmed by the defendant's actions. *See Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 368—69 (E.D. La. 2007). Plaintiffs clearly allege that only one defendant – Bob Dean Jr. – made the decisions that resulted in their alleged damages. Plaintiffs provide no facts or information detailing how the other defendants caused or contributed to their alleged damages; in fact, Plaintiffs allege not only that Defendant Dean controlled the co-defendants' actions from the top, but also that these co-defendants are merely Defendant Dean's alter ego. Plaintiffs seek little, if

---

[1] Exhibit B, para. 9.

anything, from these co-defendants, who they claim were merely acting at Defendant Dean's direction and under his control.

29.

Because Defendant Dean, the only significant defendant for purposes of CAFA, is a citizen of the state of Georgia, the local controversy exception does not apply.

### *THERE IS NO EXCEPTION TO CAFA JURISDICTION UNDER THE HOME STATE EXCEPTION*

30.

Another exception to CAFA jurisdiction is the home state exception, 28 U.S.C. § 1332(d)(4)(B). The exception states that a federal court shall decline to exercise jurisdiction under CAFA when two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

31.

As the U.S. Fifth Circuit has recently recognized, the question of "primary defendant" has not been extensively analyzed. *See* Madison v. ADT, L.L.C., 11 F.4th 325, 327 (5th Cir. 2021). The Court endorsed prior cases that described primary defendants as the "real target" of the litigation, and those against whom the "primary thrust" of the claim was directed. *Id*. at 328. The Court also held that, while not dispositive, a relevant factor in assessing primary defendant status was whether a defendant was merely vicariously or secondarily liable for the Plaintiff's alleged damages. *Id.* at 328—29.

32.

A simple review of the Plaintiffs' allegations shows that there is only one primary defendant in this case – Bob Dean Jr. Plaintiffs claim that Dean controlled and directed the

activities of the evacuation, authority for supplies and staffing at the evacuation site, access to and refusal to permit access to the evacuation facility, and numerous other aspects "central to this case." *See* Exhibit B, para. 9. They allege that Dean has admitted publicly that he made the decision to use the evacuation shelter in Independence, La., as the place to evacuate nursing home residents in the event of a desire to evacuate. *Id*. at para. 87. "The Bob Dean Nursing Homes had no independent ability, authority or autonomy to select or direct where residents of Bob Dean, Jr. Nursing Homes would be evacuated." *Id*. Staff members were relocated "at Defendant Dean's ultimate direction," and that staff was "misled from the top" about the true nature and condition of the evacuation shelter. *Id*. at paras. 25, 90.

33.

It cannot be disputed that Bob Dean Jr. is a primary defendant in this matter, and Defendants assert that he is, in fact, the only primary defendant.[2] Because he is a Georgia citizen, all of the primary defendants are not citizens of Louisiana, and thus the home state exception to CAFA jurisdiction is not applicable in this case.

*REMOVAL IS TIMELY*

34.

Defendants show that this Notice of Removal is timely filed with this Court pursuant to the provisions of 28 U.S.C. § 1446, because it is being removed within 30 days after the service of the Citation and Class Action Petition upon Defendants.

---

[2] Ultimately, it is immaterial whether Dean is the *only* primary defendant. The phrase "the primary defendants" in 28 U.S.C. 1332(d)(4)(B) means *all* primary defendants. *Watson v. City of Allen, Tx.*, 821 F.3d 634, 641 (5th Cir. 2016) (citing *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir. 2006)).

## *CONSENT OF ALL DEFENDANTS IS UNNECESSARY*

35.

Pursuant to 28 U.S.C.A. § 1453(b), "[a] class action may be removed to a district court of the United States in accordance with section 1446... without the consent of all defendants." Accordingly, consent from all Defendants is not required for the removal of this class action. Nevertheless, all Defendants hereby join in the removal.

## *VENUE*

36.

The venue of this removal action is a proper venue pursuant to the provisions of 28 U.S.C. §1441(a), inasmuch as the United States District Court for the Eastern District of Louisiana embraces Jefferson Parish and the 24th Judicial District Court, the location of the pending state court action.

37.

Based on the foregoing, Defendants have shown that Plaintiffs' class action is properly removable to this Court pursuant to the provisions of 28 U.S.C. §1441, *et seq.*

38.

Written notice of the filing of this removal is being provided to the adverse parties, as required by law.

39.

A true copy of this Notice of Removal is also being filed with the Clerk of Court for the 24th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, as required by law.

**WHEREFORE** Defendants pray that Plaintiffs' class action be removed to this Court, that this Court accept jurisdiction of Plaintiffs' class action, and that the class action be placed on the docket of this Court for further proceedings, as though it had originally been instituted in this Court.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER, WEINSTOCK & BOGART**

s/Philip G. Watson

_____

**ANDREW D. WEINSTOCK #18495**
**PHILIP G. WATSON #31356**
Three Lakeway Center, Suite 2900
3838 N. Causeway Boulevard
Metairie, LA 70002
Telephone: (504) 832-3700
Facsimile (504) 837-3119
andreww@duplass.com
pwatson@duplass.com
**Counsel for Defendants, Uptown Healthcare Center, LLC, Park Place Healthcare, LLC, Raceland Manor Nursing Home Inc, Maison De'ville Nursing Home, Inc., River Palms Nursing & Rehab, LLC, Maison De'ville Nursing Home of Harvey, LLC, St. Elizabeth's Caring, LLC, Bob Dean Enterprises, Inc., Louisiana Health Care Consultants, LLC and DHNG, LLC**

**AND**

**PIPES MILES BECKMAN, LLC**

s/H. Minor Pipes III

_____

**H. MINOR PIPES III #** 24603
**KELSEY L. MEEKS #** 33107
1100 Poydras St., Ste. 1800
New Orleans, LA 70163
Telephone: (504) 322-7070

Facsimile (504) 322-7520
mpipes@pipesmiles.com
kmeeks@pipesmiles.com
**Counsel for Defendant, Bob Dean**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of October, 2021, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Philip G. Watson

_____
PHILIP G. WATSON