UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NANCY ANDERSON; JOY MANGUNO; JAYME SONGY AS CURATOR FOR MALVINA SONGY; AND JANICE VERDIN, AS REPRESENTATIVE OF CATHERINE ROUSSELL, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED** | * * * * * * * * * | **CIVIL ACTION NO: 2:21-cv-01891** <br><br> **REF: 2:22-cv-00021 (Jackson)** <br><br> **SECT.: I** <br><br><br> **JUDGE: LANCE M. AFRICK** |
| **VERSUS** | * * * | |
| **BOB DEAN, JR.; UPTOWN HEALTHCARE CENTER, L.L.C.; PARK PLACE HEALTHCARE, L.L.C.; RACELAND MANOR NURSING HOME, INC.; MAISON DE'VILLE NURSING HOME, INC.; RIVER PALMS NURSING & REHAB, L.L.C.; MAISON DE'VILLE NURSING HOME OF HARVEY, L.L.C.; ST. ELIZABETH'S CARING, L.L.C.; AND BOB DEAN ENTERPRISES, INC.** | * * * * * * * * * * * * * | **MAG.: JANIS van MEERVELD** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## OPPOSITION TO MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

Defendants, Bob Dean, Jr., Park Place Healthcare, LLC, and Bob Dean Enterprises, Inc., respectfully request that this Honorable Court deny the Motion to Remand filed by Plaintiff, Andria Jackson (through her alleged sister and agent, Rita Johnson). Plaintiff's Motion to Remand fails to provide any viable counterargument to Defendants' position that the *Anderson* action provides original jurisdiction per the Class Action Fairness Act ("CAFA") for which Jackson is a class member; and that federal jurisprudence allows for district courts to exercise supplemental

jurisdiction in the CAFA context. Absent any statutory or jurisprudential authority to the contrary, remand is improper.

I.   BACKGROUND

On October 22, 2021, Plaintiff filed a Petition for Damages, entitled "*Andria L. Jackson, through her sister and agent, Rita Johnson v. Bob Dean, Jr., Park Place Healthcare, L.L.C., Bob Dean Enterprises, Inc., and XYZ Insurance Companies*," bearing Docket Number 822-111, Division "B," (the "Petition"), in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. *See Jackson v. Bob Dean, Jr. et al.*, USDC EDLA No.2:22-cv-00021, R. Doc. 1-1.

In the Petition, Plaintiff seeks damages for alleged injuries suffered during the Hurricane Ida evacuation. *Jackson* and the *Anderson* action—and the cases that have been consolidated with *Anderson*—all involve the same evacuation, seek the same redress, and involve residents at the same nursing homes. These were not separate, unrelated incidents, but rather all allegations stemming from one evacuation. The instant matter therefore arises out of the same case or controversy as the *Anderson* case, over which this court has original jurisdiction through CAFA, and therefore this court can exercise Supplemental Jurisdiction under 28 U.S.C. § 1367 based on its similarity to and relation with *Anderson*.

Defendants removed this case on January 5, 2022. *Jackson v. Bob Dean, Jr. et al.*, USDC EDLA No.2:22-cv-00021, R. Doc. 1. On January 21, 2022, Plaintiff filed the instant Motion to Remand. R. Doc. 170. In her Motion, Plaintiff challenges this Court's jurisdiction on two grounds: 1) that CAFA does not confer jurisdiction over the *Anderson* matter; and 2) even if CAFA does not create jurisdiction over Anderson and the other consolidated class actions, the supplemental jurisdiction statute—28 USC § 1367—does not confer jurisdiction over this individual action.

## II.    LAW & ARGUMENT

With respect to CAFA, Plaintiff adopts the arguments raised by the Motions to Remand in the *Hicks* Motion to Remand, Memorandum in Support, Reply Brief, and Supplemental and Amended Memorandum in Support. R. Doc. 170-1, p. 1. Plaintiff cites to those pleadings to support her claims regarding a lack of minimal diversity and the application of various exceptions to CAFA. In response, Defendants in have extensively briefed in *Hicks* the minimal diversity issue and the CAFA exceptions, arguing that CAFA jurisdiction has been properly invoked. R. Doc. 100. Accordingly, and for the sake of brevity, Defendants in this matter adopt as if copied herein *in extenso* the Opposition (and any supporting exhibits) in *Hicks* to address the CAFA arguments raised by Plaintiff Jackson.

With respect to Plaintiff's individual claim and the application (or alleged lack thereof) of the supplemental jurisdiction statute, Plaintiff also adopts the arguments made by Plaintiff Terry Hicks with respect to Mr. Hicks' individual action. R. Doc. 170-1, p. 1 (adopting R. Docs. 60, 60-1, 106, and 107). Defendants have responded to Mr. Hicks' arguments regarding his individual claims and hereby adopt those arguments (and any supporting exhibits) in response to the arguments of Plaintiff Jackson, as if copied herein *in extenso*. *See* R. Doc. 100.

In addition, Plaintiff argues that the minimal diversity requirement has not been met. Plaintiff is alleged to be a Louisiana citizen,[1] and, at both the time Plaintiff filed this action and Defendants' removal, Dean was (and remains) a citizen of Georgia.[2]  Thus, removing Defendants have proven minimal diversity, as CAFA only requires at least one plaintiff and one defendant be

---

[1] R. Doc. 170-1, p. 2; *Jackson v. Bob Dean, Jr. et al.*, USDC EDLA No.2:22-cv-00021, R. Doc. 1-1.
[2] R. Doc. 1-3.

citizens of different states.[3]  In addition, Defendants in the *Anderson* matter have extensively briefed the minimal diversity issue, the arguments within which Defendants hereby adopt (along with any supporting exhibits) in response to the arguments of Plaintiff Jackson, as if copied herein *in extenso*. R. Doc. 52.  In particular, Defendants demonstrated in their Opposition to the *Anderson* Plaintiffs' Motion to Remand that, as of September 1, 2021, Dean was a citizen of Georgia, thus satisfying the minimal diversity requirement.  R. Doc. 52, pp. 3-5.  For the reasons as set forth in Defendants' Opposition to Plaintiffs' Motion to Remand in the *Anderson* matter,[4] nothing in the instant Plaintiff's Motion to Remand demonstrates otherwise.

Moreover, this Court has previously ruled that the parties may conduct jurisdictional discovery related to defendant Bob Dean Jr.'s citizenship. *See, e.g.*, R. Docs. 90, 103, and 132.  Accordingly, any ruling on this Motion to Remand is premature until that jurisdictional discovery is complete.

                    Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER, WEINSTOCK & BOGART**

s/Philip G. Watson

**ANDREW D. WEINSTOCK #18495**
**PHILIP G. WATSON #31356**
**MEREDITH N. WILL #39387**
**JOSEPH C. MCALOON #39977**
Three Lakeway Center, Suite 2900
3838 N. Causeway Boulevard
Metairie, LA 70002
Telephone: (504) 832-3700
Facsimile (504) 837-3119
andreww@duplass.com
pwatson@duplass.com
mwill@duplass.com

---

[3] 28 U.S.C. § 1332(d).
[4] R. Doc. 52, pp. 3-5.

jmcaloon@duplass.com
**Counsel for Defendants, Park Place Healthcare, LLC, and Bob Dean Enterprises, Inc.**

**AND**

**PIPES MILES BECKMAN, LLC**

s/H. Minor Pipes III
_____
**H. MINOR PIPES III # 24603**
**KELSEY L. MEEKS # 33107**
1100 Poydras St., Ste. 1800
New Orleans, LA 70163
Telephone: (504) 322-7070
Facsimile (504) 322-7520
mpipes@pipesmiles.com
kmeeks@pipesmiles.com
**Counsel for Defendant, Bob Dean Jr.**