UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NANCY ANDERSON, ET AL.,<br>*Plaintiffs*<br><br>VERSUS<br><br>BOB DEAN, JR., ET AL.,<br>*Defendants*<br><br><br>** *Ref: All Cases* ** | CIVIL ACTION<br>NO. 21-1891, c/w<br>   21-1897, 21-1898, 21-1899, 21-1985,<br>   21-1988, 21-2054, 21-2099, 21-2101,<br>   21-2107, 21-2108, 21-2274, 21-2294,<br>   21-2338, 21-2344, 21-2343, 22-21,<br>   22-40, 22-109, 22-129, 22-137<br><br>SECTION: "I" (1)<br><br>JUDGE LANCE M. AFRICK<br><br>MAGISTRATE JUDGE<br>JANIS VAN MEERVELD |

## ORDER

Before the Court is the plaintiffs' Motion for Leave to File Supplemental Memorandum in Support of Motion to Remand and Exhibits Under Seal.[1] (Rec. Doc. 226). Plaintiffs indicate that they do not believe the materials should be filed under seal, but out of respect for the court's prior order granting Mr. Dean's motion to seal certain medical records, they have requested that the materials be sealed.

The United States Supreme Court has recognized the public's right to "inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978). Although this rule "establishes a presumption of public access to judicial records," the public's right of access is not absolute. S.E.C. v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993). "In exercising its

---

[1] The Motion also requested leave to file pages in excess of the page limit. The District Judge granted that request and referred the issue of whether to seal to the undersigned. (Rec. Doc. 229).

1

discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." Id.

As the court noted in status conferences following the order sealing certain medical records, those records might not be subject to future protection, considering the reference to the documents in other filings and proceedings and the possible relevance of the information to issues beyond the issue of whether to conduct Mr. Dean's deposition, for which issue the documents were originally submitted. Additionally, since the court's order sealing the records, those same records have become the subject of at least one local newspaper article, raising new questions about the potential public interest in Mr. Dean's medical condition.

IT IS ORDERED that on or before February 25, 2022, plaintiffs and Mr. Dean shall meet and confer to determine whether there is agreement, in light of the relevant standards, as to whether all or part of the memorandum or exhibits should be filed under seal. The parties shall discuss alternative options, including the possibility of redacting irrelevant information from exhibits. To the extent the parties agree that no part of the memorandum and exhibits should be sealed, defendants shall report this in a response to the motion to seal filed by February 28, 2022, at noon.

IT IS FURTHER ORDERED that to the extent Mr. Dean maintains that all or part of the memorandum or exhibits should be filed under seal, he shall file a memorandum in support of his position by March 2, 2022. Such memorandum shall address each specific document and why Mr. Dean's privacy interests outweigh the public's right of access to judicial records as to such document.

All parties are reminded that unless and until sealed motions, exhibits, or other materials are unsealed, they are to be kept strictly confidential. Should further leaks of sealed information occur, an inquiry may follow with sanctions possible for the offending party.

New Orleans, Louisiana, this 23rd day of February, 2022.

                                              Janis van Meerveld
                                      United States Magistrate Judge